MEMORANDUM **
Gavin Jacob Doloksaribu, native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s decision denying his application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, Mansour v. Ashcroft, 390 F.3d 667, 671 (9th Cir.2004), and for abuse of discretion the denial of a motion to remand, Malhi v. INS, 336 F.3d 989, 993 (9th Cir.2003). We deny the petition for review.
Substantial evidence supports the BIA’s finding of no past persecution because the harms suffered by Doloksaribu, even considered cumulatively, do not rise to the level of persecution. See Nagoulko v. INS, 333 F.3d 1012, 1016-18 (9th Cir.2003). Furthermore, even if the disfavored group analysis set forth in Sael v. Ashcroft, 386 F.3d 922, 927-29 (9th Cir.2004) applies to Indonesian Christians, Do-loksaribu has not established sufficient individualized risk to show an objective well-founded fear of future persecution. Cf id. Lastly, on the record before us, Doloksari-bu did not establish that Indonesian Christians are subject to a pattern or practice of persecution. See Wakkary v. Holder, 558 F.3d 1049, 1060-62 (9th Cir.2009). Therefore, Doloksaribu’s asylum claim fails.
Because Doloksaribu has failed to demonstrate eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. See Mansour, 390 F.3d at 673.
The BIA did not abuse its discretion in finding Doloksaribu failed to offer evidence demonstrating prima facie eligibility for relief based on his “westernized” orientation. See Malhi, 336 F.3d at 994 (upholding denial of motion to remand to adjust status where movant failed to make out a prima facie case of eligibility for relief).
Finally, substantial evidence supports the BIA’s denial of CAT relief because Doloksaribu failed to establish it is more likely than not that he will be tortured if he returns to Indonesia. See Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir.2006).
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.